**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

LM INSURANCE CORPORATION,        )
                                 )
     Plaintiff,                  )
                                 )
v.                               )        CASE NO. CV422-011
                                 )
HALLELUYAH RESTORATION LLC,      )
                                 )
     Defendants.                 )
                                 )

## O R D E R

Before the Court is Plaintiff LM Insurance Corporation's ("Liberty Mutual") Complaint. (Doc. 1.) The Court finds the jurisdictional allegations contained in the complaint are insufficient to establish complete diversity between the parties. Accordingly, Liberty Mutual is **DIRECTED** to file within **fourteen days** from the date of this order an amended complaint that lists the citizenships of Defendant Halleluyah Restoration LLC's ("Halleluyah") members.

On January 20, 2022, Liberty Mutual filed this case alleging breaches of contract related to insurance policies Liberty Mutual issued to Halleluyah. (Doc. 1 at 2.) Liberty Mutual alleges that "[t]he Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." (Id.) "The party

seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties." Life of the S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936)). The Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen[.]" Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." Id. at 1022. Furthermore, the general allegation that no member of an LLC is a Georgia citizen is insufficient for a plaintiff to carry its burden of establishing complete diversity between the parties. See Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged.") (citations and internal quotation marks omitted).[1]

Here, Liberty Mutual has failed to adequately allege the citizenship of Halleluyah. The complaint merely states that "Halleluyah is a limited liability company organized under the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

laws of the State of Georgia" and that its principal place of business located in Georgia. (Doc. 1 at 2-3.) Liberty Mutual's complaint does not include a list of the individual members, along with their citizenships, of Halleluyah. As a result, the information in Liberty Mutual's complaint is insufficient to establish complete diversity. Accordingly, the Court **DIRECTS** Liberty Mutual to file an amended complaint within **fourteen days** from the date of this order listing all members of Halleluyah and their citizenships.[2] Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction. All other deadlines in this case will remain unchanged.

SO ORDERED this 24th day of January 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing. Liberty Mutual's amended complaint should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.

3