UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LM INSURANCE CORPORATION, )
)
        Plaintiff, )
)
v. )     CV422-011
)
HALLELUYAH )
RESTORATION, LLC, )
)
        Defendant. )

## ORDER AND REPORT AND RECOMMENDATION

Defendant Halleluyah Restoration, LLC has moved to modify the scheduling order to retroactively extend its deadline for seeking leave to amend its pleadings. Doc. 66. It wishes to amend its responsive pleading to assert counterclaims. *Id.* at 4. Plaintiff opposes the request. Doc. 68. For the following reasons, Defendant's Motion should be **DENIED**. Doc. 66. Defendant also seeks leave to serve 334 Requests for Admission on Plaintiff. Doc. 67. Plaintiff opposes that request, too. Doc. 72. For the reasons explained below, Plaintiff's Request to Exceed Twenty-Five Requests for Admission is **DENIED**. Doc. 67.

### Defendant's Amended Motion to Allow Counterclaims

The Court denied Defendant's first Motion to Allow Counterclaims as procedurally deficient but afforded it an opportunity to renew its request. Doc. 65. It did so. Doc. 66. As Defendant's renewed Motion recognizes, *id.* at 1-4, because its motion to amend was filed after the deadline for amending pleadings, it must first satisfy the more stringent good cause standard of Federal Rule of Civil Procedure 16(b) before the Court considers whether to allow the amendment under Federal Rule of Civil Procedure 15(a). *See, e.g., Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

"[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa*, 133 F.3d at 1418 n.2. Under Rule 16(b)(4), the Court's scheduling order may be modified only "upon a showing of good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4); *see also Sosa*, 133 F.3d at 1418. "This good cause standard precludes

modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's notes). In other words, for Defendant to establish good cause, it must have, at least, been diligent. *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (citation omitted). Absent of showing of diligence, the moving party cannot meet the Rule 16 good cause standard, and the inquiry is at an end. *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing *Sosa*, 133 F.3d at 1418-19); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). " 'This rule is strictly enforced, particularly where, as here, the nonmovant has objected to the proposed amendment as untimely under the applicable scheduling order.'" *Green v. Cosco Shipping Lines Co., Ltd.*, 2021 WL 1962567, at *2 (S.D. Ga. May 17, 2021) (quoting *Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 4870839, *1 (S.D. Ala. Sept. 12, 2013)).

Defendant argues there is good cause for its 16-month delay in seeking to amend its Answer to add counterclaims because it had "a limited factual and legal basis for the counterclaims" prior to the Court's

March 8, 2023 Order granting, in part, and denying, in part, Plaintiff's Motion to Exclude its expert. Doc. 66 at 2. It then argues that the delay between March 8, 2023 and October 16, 2023 (when it first sought leave to add counterclaims) was "largely related to what was going on procedurally in the case and had nothing to do with a lack of diligence on [Defendant's] part." *Id.* A review of that procedural history belies Defendant's contention.

As Plaintiff points out, *see* doc. 68 at 2, on March 21, 2023, *after* the Court's March 8 Order, Defendant represented that it did not anticipate amending its pleadings. Doc. 38 at 15. The parties then engaged in efforts to resolve this case. Doc. 48 (Minute Entry). Before the parties could reconvene to continue exploring a potential resolution, Defendant's counsel moved to withdraw. Doc. 50. The Court granted the motion, and directed Defendant that it must retain new counsel by August 16, 2023. Doc. 51. New counsel did not enter his appearance until August 29, 2023, doc. 55, only after the Court directed entry of default for Defendant's failure to comply with its direction, doc. 53.[1] Even accepting as true Defendant's contention that it did not possess sufficient information to

---

[1] Defendant's default has since been set aside. *See* doc. 58.

assert its counterclaims until after March 8, 2023,[2] Defendant did not diligently pursue those counterclaims, or, indeed, its defense of this case, for several months. The Motion to Amend should, therefore, be **DENIED**.[3] Doc. 66.

### Defendant's Request to Exceed Twenty-Five Requests for Admission

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of [Federal Rule of Civil Procedure] 26(b)(1) relating to:

---

[2] Plaintiff argues Defendant knew of the basis for its counterclaims prior to March 8, 2023, because the issues raised in the proposed counterclaims were raised in Defendant's expert's report which was prepared in 2022. Doc. 68 at 4 n. 1. Because Defendant failed to show diligence from March 8, 2023 until it filed its motion to amend seven months later, the Court need not determine whether Plaintiff is correct.

[3] The Eleventh Circuit, in unpublished decisions, has indicated that motions to amend are nondispositive motions which a magistrate judge has the authority to resolve. *See Palmore v. Hicks*, 383 F. App'x 897, 900 (11th Cir. 2010) ("Because a magistrate's disposition of a motion to amend constitutes a nondispositive pretrial ruling, [Plaintiff] was required to object to the magistrate's denial of his motion to amend to preserve this argument for appeal."); *Reeves v. DSI Sec. Servs., Inc.*, 395 F. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint." (citing 28 U.S.C. § 636(b)(1)(A))); *Clemons v. Delta Air Lines Inc.*, 625 F. App'x 941, 943 (11th Cir. 2015) (finding party waived right to appeal magistrate judge's ruling on a motion to amend by failing to object pursuant to Federal Rule of Civil Procedure 72(a), since it was a nondispositive pretrial motion). Nevertheless, out of an abundance of caution, the undersigned submits this recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) considering the potential impact of the recommended disposition on Defendant's presumably compulsory counterclaims. *See* Fed. R. Civ. P. 13(a); *see also* doc. 66 at 4 (describing counterclaims as involving the same facts as Plaintiff's claim and Defendant's defenses).

(A) facts, the application of law to facts, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). This Court's Local Rules limit the number of requests for admission a party may serve to 25, "absent leave of the Court or consent of the responding party." S.D. Ga. L. Civ. R. 36. Defendant seeks leave to serve "substantially more than the local rule allows." Doc. 67 at 2. A review of the proposed requests reveals that "substantially more" means 334. *See id.* at 6-32. Plaintiff does not consent. *See generally* doc. 72.

To justify its request, Defendant argues the case is factually complex, and the numerous requests for admission will narrow the issues at trial, and therefore avoid unnecessary time and expense. *Id.* at 2. Plaintiff responds that Defendant did not confer in good faith, either during the parties Rule 26(f) conference or after, before filing its motion. Doc. 72 at 2. Plaintiff also argues that even setting aside that procedural failure, the request for 309 additional requests for admission is "unfounded and unreasonable." *Id.* In reply, Defendant asserts "[e]very one of the proposed requests for admission goes directly to the issues in this case and are specifically tailored to the issues in this case. . . .

Request[s] for admissions are more preferable than lengthy depositions." Doc. 73 at 3.

As Plaintiff alluded in its response, doc. 72 at 2, Defendant did not attempt to confer in good faith before filing its discovery motion or comply with the filing prerequisites in the undersigned's Standard Procedures for Discovery Disputes. *See* docket entry dated January 21, 2022. Compounding Defendant's procedural problems, its request is substantively unreasonable. Defendant seeks leave to serve more than 13 times the number of requests authorized by the Local Rules. *See* S.D. Ga. L. Civ. R. 36. Such a high number might be justified in other circumstances, but not here. The proposed requests contain numerous examples of requests for admission that are unreasonable or improper.

In a case cited by Defendant to support its motion, *see* doc. 67 at 3 n. 3, the Southern District of Florida observed that "Rule 36 requests for admission are not meant to be a discovery device. Instead, the rule is intended to weed out issues which the requesting part will doubtless be able to prove." *JCW Software, LLC v. Embroidme.com, Inc.*, 2011 WL 2149062, at *2 (S.D. Fla. May 31, 2011). Therefore, requests for admission are not appropriate where they seek admission of disputed

7

facts. *See Burns v. Phillips*, 50 F.R.D. 187, 188-89 (N.D. Ga. 1970). Defendant's proposed requests seek just that. *See, e.g.*, doc. 67 at 6 ("Please admit that during the June 9, 2019 to June 9, 2020 policy period, you billed and sued Halleluyah for $307,869.00 in worker's compensation premiums on subcontractors that you improperly determined were employees (i.e., you determined that contractors had an employee-employer relationship)); *id.* at 8 ("Please admit that if you questioned Kristina Pack's truthfulness as to the work done by Avery Simmons, you could have called Avery Simmons to verify what kind of work he did."); *id.* at 10 ("Please admit that if you questioned the legitimacy or accuracy of the documents Kristina Pack provided to you concerning the work done by Michael Bowser, you could have called Michael Bowser to verify what kind of work he did."); *id.* at 11 (During the June 9, 2019 to June 9, 2020 policy period, please admit that Harold Hallford was a subcontractor doing work for Halleluyah."). Some of the requests are even more facially unreasonable. *See, e.g., id.* at 31 ("Please admit that the system of Certificates of Insurance has been designed and implemented by the insurance industry exclusively and unilaterally and policyholders must rely upon this imperfect and flawed system even though the insurance

industry is well aware that this system is imperfect and flawed."). Defendant's request for leave to exceed 25 requests for admissions under Rule 36 is, therefore, **DENIED**.  Doc. 67.

## Conclusion

Defendant's Amended Motion to Allow Counterclaims should be **DENIED**.  Doc. 66.  Defendant's Request to Exceed Twenty-Five Requests for Admission is **DENIED**.  Doc. 67.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA