IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LM INSURANCE CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO.: 4:22-cv-11 |
| v. | |
| HALLELUYAH RESTORATION, LLC, | |
| Defendant. | |

**O R D E R**

The Magistrate Judge recommended that Defendant's Motion to Allow Counterclaims be denied.  (Doc. 80, pp. 2-5.)  The Magistrate Judge also denied Defendant's Request to Exceed Twenty-Five Requests for Admission.  (Id., pp. 5-9.)  Defendant has filed objections.  (Doc. 81.)  Plaintiff has responded to those objections.  (Doc. 82.)  For the following reasons, Defendant's objections are **OVERRULED**.  The Report and Recommendation is **ADOPTED** and Defendant's Amended Motion to Allow Counterclaims is **DENIED**.  (Doc. 66.)  Additionally, the Magistrate Judge's Order denying Defendant's Request to Exceed Twenty-Five Requests for Admissions is **AFFIRMED**.  (Doc. 80.)

**STANDARD OF REVIEW**

Although Defendant's objection challenges both the Magistrate Judge's recommended disposition of Defendant's Motion to Allow Counterclaims and the Magistrate Judge's Order denying Defendant's discovery motion, it does not address the standard of review for those challenges.  (See generally doc. 81.)  Because the Court's review of the two decisions is different, for clarity, a review of the applicable standards is appropriate.

Both the statute governing referral of pretrial matters to magistrate judges and the corresponding Federal Rules require a de novo determination of enumerated types of motions, see 28 U.S.C. § 636(b)(1)(A), and "pretrial matter[s] dispositive of a claim or defense," Fed. R. Civ. P. 72(b)(1), (3), to which a party has objected.  Although the Magistrate Judge's Report and Recommendation acknowledged unpublished Eleventh Circuit decisions indicating that "motions to amend are nondispositive motions which a magistrate judge has the authority to resolve," he made a recommendation "out of an abundance of caution . . . considering the potential impact of the recommended disposition on Defendant's presumably compulsory counterclaims."  (Doc. 80, p. 5 n. 3.)  The Court will, therefore, treat it as a recommendation made pursuant to 28 U.S.C. § 636(b)(1)(C).  As the Eleventh Circuit has explained, "[t]he district court must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made."  Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016) (citing 28 U.S.C. § 636(b)).  After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1).

The Magistrate Judge's Order on the Motion to exceed 25 Requests for Admission, however, is subject to the more deferential clearly erroneous standard of review.  The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).  When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Otherwise, the magistrate judge's ruling stands.  "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made."  Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).  A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law."  Id. (citations omitted).

## DISCUSSION

The Magistrate Judge recommended that the Court deny Defendant's Motion to Allow Counterclaims because the deadline for motions to amend has passed and Defendant did not show good cause under Rule 16 to modify the schedule.  (Doc. 80, pp. 2-5.)  After recounting some of the procedural history of this case, the Magistrate Judge observed that Defendant did not act diligently in pursuing its counterclaims.  (Id.)  Defendant objects, arguing the Magistrate Judge's "strict reading of the Rule 16 'good cause for failing to meet a deadline' requirement has swallowed the Rule 15 requirement that leave to amend shall be 'freely given when justice so requires.'"  (Doc. 81, p. 3.)  However, the Magistrate Judge's Report and Recommendation cites to binding Eleventh Circuit precedent clearly explaining that, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."  (Doc. 80, p. 2 (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 n. 2 (11th Cir. 1998)).)  The moving party's burden under Rule 16 is also clear; "[t]o establish good cause, the party seeking the extension must have been diligent."  Romero v. Drummond Co.,

3

Inc., 552 F.3d 1303, 1319 (11th Cir. 2008). The Magistrate Judge correctly articulated this standard. (Doc. 80, pp. 2-3.)

Defendant also argues that, because "discovery deadlines in the case have been extended over and over again," it should receive the same benefit here. (Doc. 81, pp. 3-4.) The Magistrate Judge's willingness to accommodate the parties' mutual requests to extend other discovery deadlines is irrelevant to the issue here. Defendant concedes the "deadline for filing motions to amend is long over," (doc. 81, p. 3), and regardless of the extension of other deadlines, the operative deadline was never extended. Defendant must, therefore, show diligence to meet Rule 16's good cause standard.

While Defendant's new counsel may be acting diligently to pursue new theories in this case, the Court agrees with the Magistrate Judge's conclusion that Defendant's actions throughout this case have been anything but diligent. (See doc. 80, pp. 4-5 (recounting timeline).) The scant claims of diligence that Defendant offers in his Objection, (doc. 81, pp. 2—3), miss the point. Defendant fails to plausibly explain what actions it affirmatively took to timely assert its counterclaims in the one year, six months, and twenty-four days between the fling of its Answer on March 22, 2022, (doc. 12), and the filing of its first Motion to Add Counterclaims on October 16, 2023, (doc. 60). Defendant's contention that it was in a "learning mode" (doc. 81, p. 2), for much of this period lacks credibility. Moreover, even taking Defendant's representations at face value, it concedes that it had sufficient information to file its counterclaims as early as March 8, 2023, (see id. at p. 2—3). Yet, it did not first move to assert any counterclaims until six months later. Defendant's excuses for that delay (that it was pursuing settlement and attempting to hire new counsel) fall flat. Because Defendant has not shown good cause for a retroactive extension of the deadline for filing motions to amend, its objections are **OVERRULED**, the Report and

Recommendation is **ADOPTED**, (doc. 80), and Defendant's Motion to Allow Counterclaims is **DENIED**, (doc. 66).

Defendant also objects to the Magistrate Judge's denial of its request to propound 334 Requests for Admission, far more than the 25 contemplated by the Court's Local Rules. (Doc. 80 pp. 6-9; doc. 81). Defendant's objection does not explain why the Magistrate Judge's Order is either clearly erroneous or contrary to law. (Doc. 81.) It attaches new exhibits that were not attached to its original motion. (Id., pp. 13-25.) However, it does not explain why this information was not presented to the Magistrate Judge, nor does it articulate any argument that leaves the Court "with a definite and firm conviction that a mistake has been made." Jackson, 2013 WL 3991793, at *2. Defendant sought leave to serve 334 requests when the local rule contemplates 25; the decision to deny that request is neither clearly erroneous nor contrary to law. The Magistrate Judge acted well within his discretion and articulated sufficient reasons for his decision. The objection is, therefore, **OVERRULED**.

## CONCLUSION

Accordingly, the Court **OVERRULES** plaintiff's objections, (doc. 81), **AFFIRMS** the Magistrate Judge's Order, and **ADOPTS** the Report and Recommendation as its opinion, (doc. 80). The Defendant's Amended Motion to Allow Counterclaims is **DENIED**. (Doc. 66.) Defendant's Request to Exceed Twenty-Five Requests for Admission stands **DENIED**. (Doc. 67.)

**SO ORDERED**, this 24th day of January, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA